NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 14 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RICARDO MACIAS-SOLIS,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 21-368

Agency No.
A213-212-440

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 8, 2023[**]
Pasadena, California

Before: GRABER and OWENS, Circuit Judges, and TUNHEIM, District
Judge.[***]

Ricardo Macias-Solis, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal of

an immigration judge's ("IJ") decision denying his applications for asylum,

---

[*] This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable John R. Tunheim, United States District Judge for
the District of Minnesota, sitting by designation.

withholding of removal, and protection under the Convention Against Torture ("CAT"). "Where, as here, the BIA summarily adopts the IJ's decision without opinion pursuant to 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as if it were the BIA's decision." *Antonio v. Garland*, 58 F.4th 1067, 1072 (9th Cir. 2023) (internal quotation marks and citation omitted). We review the agency's factual determinations for substantial evidence, meaning that we may reverse only if the evidence compels a contrary conclusion. *Umana-Escobar v. Garland*, 62 F.4th 1223, 1228 (9th Cir. 2023). As the parties are familiar with the facts, we do not recount them here. We deny the petition for review.

1. The IJ determined that Macias-Solis was statutorily barred from asylum because he did not apply until almost fifteen years after he entered the United States, and he failed to show that he qualified for an exception to the one-year deadline. *See* 8 U.S.C. § 1158(a)(2)(B), (D); 8 C.F.R. § 1208.4(a)(2). In his opening brief, Macias-Solis does not address, and therefore has waived, any challenge to this aspect of the IJ's decision. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (holding that a petitioner waived issues not specifically raised and argued in an opening brief).

2. Regarding withholding of removal, Macias-Solis alleged persecution primarily based on three events: (1) the 1994 murder of his cousin by unknown individuals; (2) the 2010 murder of his uncle, who had formerly worked for the district attorney's office, by a cartel; and (3) a 2004 phone call to his mother from an unknown individual who threatened to kidnap Macias-Solis. Although

2

Macias-Solis did not identify a particular social group, the IJ construed his claim as alleging fear of harm based on either family membership or resistance to cartel recruitment.

The IJ determined that Macias-Solis did not establish past harm rising to the level of persecution, a ruling that Macias-Solis has waived by failing to address in his opening brief. *See id.* In addition, the IJ's determination that Macias-Solis failed to show harm on account of a protected ground is supported by substantial evidence. *See Santos-Ponce v. Wilkinson*, 987 F.3d 886, 890 (9th Cir. 2021) (holding that the petitioner failed to establish a nexus with his proposed particular social group of his family because "the record does not contain any evidence that his uncle's membership in the Santos-Ponce family was . . . a reason that the gang killed him").

3. Finally, under the CAT, substantial evidence supports the IJ's determination that Macias-Solis failed to demonstrate that he will more likely than not be tortured if returned to Mexico. *See id.* at 891.

The stay of removal remains in place until the mandate issues.

**PETITION DENIED**.